IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY PATTERSON                         *
        Plaintiff,
   v.                                    *    CIVIL ACTION NO. RWT-14-1078

EXTANG COMPANY/CORPORATION               *
        Defendant.
                             *****

## MEMORANDUM OPINION

Rodney Patterson ("hereinafter referred to as "Patterson") who lists a Bowie, Maryland residential address, filed this self-represented action on April 7, 2014, in which he appears to invoke diversity jurisdiction under 28 U.S.C. § 1332 against a Michigan company which produces tonneau covers[1] for trucks and other vehicles.

Patterson claims that on an unspecified date, while in the hospital at Ft. Benning, Georgia, he ordered a "solid fold tonneau" for his 2007 Ford F-350 pick-up truck from Extang Company. He asserts that the shipment was delayed and when it did arrive the "merchandise was damaged." Patterson complains that Defendant refused to "fix, replace or correct" the tonneau despite guarantees. (Compl. at pgs. 1-2). He seeks an injunction ordering the replacement of the merchandise and damages for "time, filing fees, [and] attorney fees." (Compl. at p. 3).

Patterson has filed an indigency application. Because he lists monthly income of $9,600.00 to $10,000.00, bank account funds of $6,000.000, and ownership of real property valued at $300,000.00 and motor vehicles valued at $15,500, he does not qualify for indigency status. His Motion for Leave to Proceed In Forma Pauperis shall be denied. He shall not, however, be required to remit the civil filing fee as his complaint shall be dismissed for lack of subject matter jurisdiction.

---

[1] The tonneau is the rear seating compartment of an automobile. It is more likely, however, that Patterson is referring to a tonneau cover, which is a hard or soft cover used to protect unoccupied passenger seats in a convertible or roadster or the cargo bed in a pickup truck.

The legal basis for invoking the Court's federal diversity jurisdiction presumably relates to Patterson's claim that Defendant breached a consumer contract. Federal district courts are courts of limited original jurisdiction and they do not sit to review every claim involving alleged breach of contract. This court has jurisdiction to review such a claim only if, under 28 U.S.C. § 1332, the parties have diversity of citizenship *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Even if, as Plaintiff claims, diversity of citizenship does exist, he does not meet the amount in controversy requirement. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The Defendant does not specifically claim an amount in controversy and even if he did, it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount. The case will be dismissed for want of jurisdiction pursuant to Rule 12(h)(3). A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: <u>April 18, 2014</u>　　　　　　　　　　　　<u>　　　　　　　/s/　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE